

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

RICE DANIEL
TTORNEY GENERAL

November 9, 1951.

Hon. J. W. Edgar                    Opinion No. V-1342.
Commissioner of Education
Texas Education Agency         Re:  Applicability of
Austin, Texas                       "Non-Subversive
                                    Oath" to employees
                                    of local school
                                    districts and Pub-
Dear Sir:                           lic Junior Colleges.

          You have requested an opinion of this of-
fice in regard to the following questions:

          "1.  Under what conditions, if any,
     would persons employed by local school
     districts be required to execute the
     "Non-Subversive Oath" required in Arti-
     cle VI, Section 1, of H.B. 426, Acts 52nd
     Leg., R.S. 1951, ch. 499, p. 1228 (the
     general appropriation bill for the bien-
     nium ending August 31, 1953)?

          "2.  Under what conditions, if any,
     would teachers employed in public junior
     colleges be required to execute the "Non-
     Subversive Oath" required in Article VI,
     Section 1, of H.B. 426, Acts 52nd Leg.,
     R.S. 1951, ch. 499, p. 1228?"

          Sections 32 and 33 of Article III, House
Bill 426, supra, appropriate the necessary money for
the State's contribution to the Foundation School
Program for the biennium ending August 31, 1953.
These funds are distributed to all participating
school districts in accordance with the formula set
out in the Foundation School Program act.  Arts. 2922-
11 et seq., V.C.S.  Your letter states:

          ". . . Such funds are commingled in
     the depository bank for each school dis-
     trict with local funds derived from taxa-
     tion and other local sources.  Compensa-
     tion to individuals for personal services

218

rendered and other operating costs of
the district are paid from such com-
mingled funds upon order of the local
board of trustees."

Thus money appropriated by House Bill 426,
supra, is being used to pay, at least in part, the
salaries of local school district employees.

House Bill 426 also appropriates to the
State Board of Education the unexpended balance and
income of the State Available School Fund for expend·
itures in accordance with the laws of this State.
Art. III, H.B. 426, supra, at p. 1319.  Article 2827.
V.C.S., provides in part:

"1.  The State and county avail-
able funds shall be used exclusively
for the payment of teachers' and super-
intendents' salaries, fees for taking
the scholastic census, and interest on
money, borrowed on short time to pay sal-
aries of teachers and superintendents,
when these salaries become due before
the school funds for the current year
become available; provided that no
loans for the purpose of payment of
teachers shall be paid out of funds oth-
er than those for the then current year.

"2.  Local school funds . . . may
be used . . . for the payment . . . of
janitors and other employees. . .; pro-
vided, that when the State available
school fund in any city or district is
sufficient to maintain the schools there-
of in any year for at least eight months,
and leave a surplus, such surplus may be
expended for the purposes mentioned here-
in."

House Bill 426 also contains the "Non-sub-
versive Oath" requirement, Section 1 of which pro-
vides:

"No money appropriated by this Act
shall be paid to any person as salary or
as compensation for personal services un-
less and until such person has filed

Hon. J. W. Edgar, page 3 (V-1342)

with the payroll clerk or official by
whom such salary or other compensation
is certified for payment, an oath or
affirmation stating: . . ."

In our Opinion V-1263 (1951), we held valid
all of the Non-Subversive Oath except the retrospec-
tive portion thereof. A copy of this opinion is at-
tached.

Since it is clear from your letter that part
of the appropriated money is commingled with funds
from other sources to pay salaries and other personal
services compensation, it will be necessary for all
persons receiving salary or compensation from such com-
mingled funds to take the required oath. This is neces-
sary to insure that all of the State's appropriation is
handled in compliance with the above section. Thus, a
person in any one of the above categories who receives
all or a portion of his salary or compensation from mon-
eys coming originally from the State Available School
Fund or the general fund must take the oath prior to re-
ceiving payment.

The funds in the general appropriation bill
for the Public Junior Colleges are to be expended only
for the "payment of adequate instructional salaries and
the purchase of supplies and materials required for ade-
quate instruction." Sec. 5, Art. IV of H.B. 426, supra, at p.
1445. Those instructors whose salary or compensation
will be paid in whole or in part from these funds are
required to take the "Non-Subversive Oath" prior to re-
ceipt of the salary or compensation.

## SUMMARY

All persons receiving salary or com-
pensation from funds that are in whole or
in part received from State appropriations
in the general appropriation bill to the
Foundation School Program, or from funds
appropriated from the State Available
School Fund, or the Public Junior Colleges
appropriation must execute the "Non-Sub-
versive Oath" as set out in Att'y Gen. Op.

V-1263 (1951) prior to receipt of the salary or compensation.

Yours very truly

APPROVED:

C. K. Richards
Trial & Appellate Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

EWT:wb

PRICE DANIEL
Attorney General

By *E. Wayne Thode*
E. Wayne Thode
Assistant